UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBYN GRIFFITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01937-JPH-MG |
| | ) |
| WENDY CLENSY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**I.    Granting *in forma pauperis* status**

Plaintiff, Robyn Griffith's, motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. *See* 28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Ms. Griffith to proceed without prepaying the filing fee, she remains liable for the full fees.  *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees.").  No payment is due at this time.

**II.    Screening**

**A. Screening standard**

The Court has the inherent authority to screen Ms. Griffith's complaint. *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").  The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted.  *See id.*

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The amended complaint[1]

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 658 U.S. 251, 256 (2016). To hear and rule on the merits of a case, a federal "court must have the power to decide the claim before it (subject-matter jurisdiction)." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017). "The party asserting federal jurisdiction bears the burden of demonstrating its existence." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013). And "[i]f the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v.*

---

[1] Ms. Griffith filed an amended complaint, dkt. 6, without first seeking leave to amend. *See* Fed. R. Civ. P. 15(a)(2). Since *pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers, the Court construes Ms. Griffith's amended complaint as requesting leave to amend. *See Perez*, 792 F.3d at 776. The amended complaint, dkt. 6, is now the operative pleading.

*Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction sua sponte.").

The Court does not appear to have jurisdiction over this case. The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Ms. Griffith indicates that the basis for jurisdiction is federal question. The factual allegations in the amended complaint are: "Rape using a drug and attempted murder she left me instead of getting medical help they also use human trafficking and violence as a bargaining tool" "to get people to help her cover it up." Dkt. 6 at 3–4. These claims do not support the existence of federal question jurisdiction.

### C. Conclusion

Ms. Griffith shall have **through September 3, 2021**, to show cause why her federal claims should not be dismissed for lack of subject-matter jurisdiction.

**SO ORDERED.**

Date: 8/4/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

ROBYN GRIFFITH
623 W. Smith Ave.
Bloomington, IN 47403